UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALIDA SEGAL,

                          Plaintiff,

    -against-

CITY UNIVERSITY OF NEW YORK,

                          Defendant.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-4444 (AMD) (LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 4 2019 ★
BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge:

On August 6, 2018, the *pro se* plaintiff filed this action alleging employment discrimination, retaliation, and defamation against her former employer, the City University of New York (CUNY). I dismissed the complaint for failure to state a claim on August 22, 2018, and gave the plaintiff leave to amend her complaint. (ECF No. 4.) The plaintiff filed the amended complaint on September 14, 2018. (ECF No. 6.) On January 11, 2019, the defendant moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons discussed below, the defendant's motion is granted.

## BACKGROUND

The 61-year-old plaintiff is a female of Romanian-Israeli national origin who taught undergraduate computer courses as an Adjunct Lecturer at various CUNY colleges from September 2010 to May 2017.[1] (ECF No. 6 at 1.) The plaintiff alleges that CUNY teachers and staff discriminated against her because of her age, gender, and national origin. (*Id.* at 1-5.) She cites several examples of unfair treatment. She claims she was fired from Medgar Evers College

---

[1] More specifically, plaintiff taught undergraduate computer courses at Medgar Evers College from September 2010 to December 2014, New York College of Technology from September 2015 to May 2016, and John Jay College of Criminal Justice from January 2017 to May 2017. (*Id.* at 5.)

1

in December 2014 because a student claimed that she called him "stupid," and because of "rumors" of "no degrees." (ECF No. 6 at 1-3.) She also claims that the Medgar Evers College IT Director deleted her faculty Blackboard account and that a John Jay College professor did not communicate with her about a final exam. (*Id.*) She also alleges that John Jay College officials gave her poor quality classrooms and no technical support for her classes. (*Id.*) The plaintiff alleges broadly that she "was treated as if she was a woman that didn't exist," and that she "as a woman was not taken seriously." (*Id.*)

The plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) and New York State Division of Human Rights (NYSDHR) on August 28, 2017, accusing John Jay College of retaliation and discrimination on the basis of national origin and sex. (ECF No. 6 at 3, 14; ECF No. 17 at 4-6.) She alleges that after she filed the EEOC complaint and complained internally about the classroom conditions at John Jay College, she "suffered job retaliation." (ECF No. 6 at 3.) She also claims that CUNY underpaid her, refused to renew her teaching contracts, and refused to consider her applications for new teaching positions after August 2017. (*Id.*)

The plaintiff filed another complaint with the EEOC and NYSDHR on September 19, 2017, accusing the New York City College of Technology of retaliation and discrimination on the basis of age, national origin, and sex. (ECF No. 6 at 20; ECF No. 17 at 8-10.) After investigating the charges, the NYSDHR issued a decision on each complaint, concluding that there was no probable cause to believe that John Jay College or New York City College of Technology engaged in unlawful discrimination.[2] (ECF No. 17 at 4-6, 8-10.) On June 20, 2018,

---

[2] The plaintiff attached the language from her complaints to the EEOC and NYSDHR to the amended complaint, but did not include the official filings or either agency's decisions for either charge. Courts in this Circuit have repeatedly held that when EEOC charges are expressly referred to in the pleading, they are incorporated by reference. *See Muhammad v. New York City Transit Auth.*, 450 F. Supp. 2d 198,

the EEOC issued a Dismissal and Notice of Rights adopting the findings of the NYSDHR. (*Id.* at 13.)

## STANDARD OF REVIEW

In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings are to be construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

Allegations in a *pro se* complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). "This is especially true when dealing with *pro se* complaints alleging civil rights violations." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)).

At the motion to dismiss stage, the court "is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference." *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) (quoting *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir.

---

204–05 (E.D.N.Y. 2006) (collecting cases). Moreover, the complaints and the agencies' determinations are matters of public record, of which this Court may take judicial notice. *See id.* (citing *Moll v. Telesector Resources Group, Inc.*, No. 04–CV–0805S, 2005 WL 2405999, at *4 (W.D.N.Y. Sept.29, 2005)). Accordingly, I consider the NYSDHR's determinations without converting this argument into a motion for summary judgment.

3

2002)). The court may also consider any "documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit," as long as the plaintiff relied on the "terms and effect of a document in drafting the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citing *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

## DISCUSSION

### *I. Employment Discrimination*

I liberally construe the amended complaint as asserting retaliation and discrimination claims in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 to 634, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

**A. Title VII and ADEA Discrimination Claims**

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under the ADEA, it is unlawful for an employer to "discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1).

To establish a prima facie case of discrimination under Title VII and the ADEA, the plaintiff must show that she is a member of a protected class, she was qualified for the position she held, and she suffered an adverse employment action under circumstances giving rise to an inference of discrimination. *Ruiz v. County of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010);

*Boonmalert v. City of New York*, 721 F. App'x 29, 32 (2d Cir. 2018) (summary order). At the pleading stage, the plaintiff has a "minimal" initial burden; she need not prove every element of a *prima facie* case of discrimination, but she must allege facts which plausibly suggest that (1) her employer took an adverse action (2) because of her age, gender, or national origin. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85-86 (2d Cir. 2015); *Boonmalert v. City of New York*, 721 F. App'x 29, 32; *Chowdhury v. Sadovnik*, No. 17-CV-2613, 2017 WL 4083157, at *3-4 (E.D.N.Y. Sept. 14, 2017). "An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" *Simpson v. MTA/New York City Transit Auth.*, No. 16-CV-3783, 2016 WL 8711077, at *3 (E.D.N.Y. Aug. 26, 2016) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015)).

The plaintiff alleges that she is a 61-year-old female of Romanian-Israeli national origin, and that the defendant discriminated against her based on her age, gender and national origin by refusing to give her courses, failing to give her pay raises, and forcing her to work under poor conditions. (ECF No. 6 at 1-6.) However, there are no factual allegations that suggest the defendant took any actions *because of* the plaintiff's age, gender, or national origin. *See, e.g., Chowdhury*, 2017 WL 4083157, at *4 (dismissing Title VII and ADEA claims where there were no factual allegations linking adverse employment actions to the plaintiff's race, religion, sex, or national origin). The plaintiff does not point to any statements or actions by CUNY employees that would give rise to a plausible inference that the defendant was motivated by discriminatory animus. *See Vega*, 801 F.3d at 85; *Simpson*, 2016 WL 8711077, at *3-5

(dismissing Title VII and ADEA claims because plaintiff did not allege any facts supporting plausible inference that she was treated differently because of her race or age); *Chowdhury*, 2017 WL 4083157, at *5.[3] Accordingly, the plaintiff's discrimination claims under Title VII and the ADEA must be dismissed.[4]

## B. Title VII and ADEA Retaliation Claims

Both Title VII and the ADEA contain similar anti-retaliation provisions. *See* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [s]he has made a charge" under Title VII); 29 U.S.C. § 623(d) ("It shall be unlawful for an employer to discriminate against any of his employees ... because such individual ... has made a charge" under the ADEA). As with discrimination claims, the plaintiff has a minimal burden to survive a motion to dismiss; she must plausibly allege that (1) the defendant took adverse employment action against her (2) "because" she complained of or otherwise opposed discrimination. *See Vega*, 801 F.3d at 91; *Chowdhury*, 2017 WL 4083157, at *6.

The plaintiff established that she made a charge of discrimination by filing her complaint with the EEOC and NYSDHR in August 2017. *See Vega*, 801 F.3d at 91. However, she does not plausibly allege that CUNY took an adverse employment action against her *because of* her complaint.

The plaintiff alleges that she applied for various CUNY teaching positions on July 21, 2018, and that CUNY did not give her course assignments at any of its colleges because of her

---

[3] Her vague statements, including her claim that she was fired in 2014 because what "women say don't matter," is not sufficient to allege discrimination. (*See* ECF No. 6 at 1.)
[4] The defendant argues that the plaintiff's ADEA claim is barred by the Eleventh Amendment. (ECF No. 18 at 16.) The Eleventh Amendment "bars suits that seek either money damages, or injunctive relief" against state agencies. *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). Because I dismiss the plaintiff's ADEA claims for failure to state a claim, I do not reach this argument.

6

August 2017 complaint. (ECF No. 6 at 3.) However, Medgar Evers College fired the plaintiff in December 2014, New York City College of Technology decided not to give her any new courses on October 5, 2016, and John Jay College refused to renew her teaching contract on March 30, 2017, all before she filed her complaint in August 2017. (ECF No. 6 at 4, 33-34.) The fact that these entities continued not to hire her almost a year later, after her complaint, is insufficient to establish a causal connection. *See Dixon v. Int'l Fed'n of Accountants*, 416 F. App'x 107, 110 (2d Cir. 2011) (dismissing retaliation claim: "Although Dixon... complained of discrimination to Ball in June 2007 and was then terminated in October 2007, she produced no direct evidence of a causal connection. To the extent she relies on the temporal proximity between these two events as circumstantial evidence of causation, that, standing alone, is insufficient."). She applied for jobs on July 21, 2018, after her August 2017 complaint, but the allegations in her complaint suggest that CUNY's decision not to hire her in 2018 was part of a pattern established years before the plaintiff made her complaint. CUNY had consistently rejected her applications for almost four years. Accordingly, the plaintiff does not adequately plead a claim for retaliation under Title VII and the ADEA, and those claims must be dismissed.

**C. Equal Pay Act**

The Equal Pay Act prohibits employers from "discriminating among employees on the basis of sex by paying higher wages to employees of the opposite sex for 'equal work.'" *Chepak v. Metro. Hosp.*, 555 F. App'x 74, 76 (2d Cir. 2014) (quoting *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999) and 29 U.S.C. § 206(d)) (summary order). To establish an Equal Pay Act claim, a plaintiff must make an initial showing that "(1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal

skill, effort and responsibility; and (3) the jobs are performed under similar working conditions." *Id.* (quoting *Belfi*, 191 F.3d at 135).

The plaintiff does not allege that CUNY paid male employees at a different wage rate than it paid her, that she and male employees performed equal work on jobs requiring equal skill, effort and responsibility, or that the jobs were performed under similar working conditions. Although a plaintiff is not required to establish an Equal Pay Act violation conclusively, she must still plausibly allege "sufficient factual matter" to "provide 'fair notice [to the defendant] of the basis for [the plaintiff's] claims.'" *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 256 (2d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678 and *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)). Even under the most liberal construction of the amended complaint, the plaintiff does not plead sufficient facts to allege a violation of the Equal Pay Act and therefore, those claims are dismissed.

## II. *Defamation Claim*

Because none of the plaintiff's federal claims state a claim for relief, I decline to exercise supplemental jurisdiction over the state law defamation claim. *See Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." (citing 28 U.S.C. § 1367(c)(3))).

## CONCLUSION

The defendant's motion to dismiss is granted in its entirety and the amended complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

8

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       June 4, 2019